IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WILLIE HAYNES, JR.

    PLAINTIFF

VS.                                      CASE NO. 4:12CV44DPJ-FKB

MARK HOOVER, MEDIACOM
COMMUNICATIONS CORPORATION,
and JOHN DOES 1-5

    DEFENDANTS                    **TRIAL BY JURY DEMANDED**

## COMPLAINT

By and through undersigned counsel, Willie Haynes, Jr. ("Plaintiff"), hereby brings forth his Complaint against the Defendants Mark Hoover, Mediacom Communications Corporation, and John Does 1-5 (sometimes hereafter referred to as "Defendants"), and in support thereof, alleges the following:

### I. JURISDICTION AND VENUE

1. Pursuant to section 28 U.S.C. 1332, this Court has jurisdiction over this case, because the matter in controversy exceeds the sum of $75,000 and involves citizens of different states.

2. Venue is proper before this Court pursuant to 28 U.S.C. 1391, because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

### II. PARTIES

3. Plaintiff is an adult resident citizen of Winston County, Mississippi.

4. Defendant Mark Hoover, upon information and belief, is an adult resident citizen of Madison County, Alabama, and may be served with process at 596 Narrow Lane, New Market,

Alabama. At all times relevant hereto, Defendant Hoover was an employee, contract worker, acting on behalf of and/or representing Defendant Mediacom.

5. Defendant Mediacom Communications Corporation is a foreign corporation organized in the State of Alabama, also registered and doing business in the State of Mississippi as Mediacom LLC, of which may be served with process through its registered agent for process CT Corporation System at 645 Lakeland East Drive, Flowood, Mississippi 39232.

6. Defendants John Does 1-5 are any unnamed and/or currently unknown owners, maintainers, employees, or parties/participants in the herein below described acts or omissions of negligence in regards to the subject incident which involved and resulted in the injuries sustained by Willie Haynes, and in whom Plaintiff may seek recovery for causing damages to the Plaintiff. Plaintiff will amend the Complaint at such time when the identities of these persons or entities are known, and hereby reserves the right to amend and name additional Defendants pursuant to the Rules of Civil Procedure.

## III. FACTS

7. The Plaintiff seeks remedy for injuries and damages caused by the negligence, wrongful acts and/or omissions of the Defendants on or about March 10, 2009.

8. The Plaintiff was operating a vehicle traveling South on Highway 15 North in Neshoba County, Mississippi.

9. At or around the same time, Defendant Hoover was operating a vehicle also traveling South on Highway 15 North.

10. Suddenly, the Defendant Hoover negligently collided with the rear of the vehicle being driven by the Plaintiff, thus causing a violent collision that resulted in injuries and damages sustained by the Plaintiff.

11. During all the times herein, Defendant Mediacom is believed to have been the owner of the vehicle being operated by Defendant Hoover. It is upon information and belief that Defendant Hoover was an independent contractor, agent, employee employee, and/or acting on behalf of or representing of Defendant Mediacom, and was acting under the course and scope of his employment with Defendant Mediacom.

12. The Defendants' actions, omissions, and/or negligence were a direct and proximate cause of this collision and the injuries sustained by the Plaintiff.

## IV. COUNT I – NEGLIGENCE

13. Plaintiff hereby re-alleges and incorporates herein the foregoing paragraphs and allegations as stated above.

14. Defendant Hoover owed a duty to operate his vehicle in a safe and reasonable manner and in accordance with the rules of the road.

15. Defendant Hoover breached his duty(ies) and caused damages to the Plaintiff by his actions and omissions of negligence including, but not necessarily limited to, failing to follow and obey the rules of the road of the State of Mississippi, failing to keep a proper lookout, reckless and careless driving, inattentive driving, failing to maintain proper distance or following too closely, failing to keep control of his vehicle, and other acts of negligence to be shown at the trial of this cause.

16. Defendant Mediacom was negligent through the actions and inactions of its agent, representative, and/or employee, Defendant Hoover, and as further detailed in this Complaint, including, but not limited to, failing to adequately inquire into the competence of Defendant Hoover, failing to adequately train and supervise Defendant Hoover, failing to abide by the laws of the State of Mississippi, failing to keep its vehicle under reasonable and proper control, negligent entrustment, and other negligent acts or omissions to be shown at the trial of this cause.

17. At the time and on the occasion in question, Defendants John Does 1-5 are individuals, persons, corporate persons and/or business entities, the identities of which are currently unknown to the Plaintiff. Upon information and belief, these John Does, in addition to the named Defendants, were present at the scene where the Plaintiff was injured, or were a contributing cause of the incident and the resulting personal injuries to the Plaintiff, or were engaged and/or had been engaged in operations at the scene of the incident described herein, which otherwise caused and/or contributed to said collision. The acts, omissions, and/or negligence of the Defendant John Does 1-5 were a proximate cause of this collision and the injuries sustained by the Plaintiff.

## V. COUNT II - RESPONDEAT SUPERIOR

18. Plaintiff hereby re-alleges and incorporates herein the foregoing paragraphs and allegations as stated above.

19. Defendant Mediacom was negligent through the actions and inactions of its agent, representative, and/or employee, Defendant Hoover, who was at all times complained of, acting in the course and scope of his agency, representation, and/or employment with Defendant Mediacom.

20. Defendant Mediacom is responsible to Plaintiff pursuant to the doctrine of *respondeat superior* and/or negligence of Mediacom and/or agents/representatives/employees for negligence including, but not limited to, negligent hiring, negligent entrustment, failure to properly train and supervise agents/employees, failure to comply with applicable Mississippi Law, and other negligent acts or omissions as further detailed in this Complaint or to be shown at the trial of this cause.

## VI. COUNT III - GROSS NEGLIGENCE

21. Plaintiff hereby re-alleges and incorporates herein the foregoing paragraphs and allegations as stated above.

22. The actions of the Defendants, individually, jointly and/or severally, involved gross negligence.

23. Defendants were and/or should have been aware of the inherent and apparent risk, but nevertheless preceded with conscious indifference to the rights, safety or welfare of Plaintiff. The actions and inactions of the Defendants evidence a willful, wanton, and reckless disregard for the safety of the Plaintiff and others. This constitutes gross negligence and, as a result, Plaintiff is entitled to the recovery of punitive damages.

## VII. DAMAGES

24. Plaintiff hereby re-alleges and incorporates herein the foregoing paragraphs and allegations as stated above.

25. Plaintiff seeks all damages to which he is entitled at law and damages for the injuries sustained as a result of this accident, including, but not limited to, the following:

    a. Past, present and future medical expenses;

    b. Past, present and future physical pain and suffering;

    c. Past, present and future mental and emotional distress;

    d. Past, present and future impairment;

    e. Lost wages and/or loss of wage earning capacity;

    f. Damage to credit/credit worthiness;

    g. Inconvenience and discomfort;

    h. Loss of companionship or consortium; and/or

    i. All other losses arising from the injuries and damages of Plaintiff, recoverable under Mississippi law, and to which the Plaintiff is entitled.

26. The amount of total damages suffered by Plaintiff may be continuing in nature; therefore, Plaintiff reserves the right to amend and state further with respect to his damages.

WHEREFORE, Plaintiff demands judgment for actual and consequential, punitive and compensatory, as well as general and special damages against the Defendants, individually, jointly and severally, and for any other relief for which the Court deems just and appropriate.

Respectfully submitted,

By: _____
WILLIAM D. KETNER, JR. (MSB No. 99613)
*Attorney for Plaintiff*

OF COUNSEL:

*Ketner Law Firm, P.L.L.C.*
P. O. Box 55782
Jackson, MS 30296
Tel: (601) 366-2228
Fax: (601) 366-2203
E-mail: don.ketner@gmail.com